Thomas P. Riley
Law Offices of Thomas P. Riley, P.C.
First Library Square
1114 Fremont Avenue
South Pasadena, CA 91030-3227
Fax: 626-799-9795
TPRLAW@att.net
Tel:  626-799-9797

Attorneys for Plaintiff
G & G Closed Circuit Events, LLC

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| G & G Closed Circuit Events, LLC,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>Algrid Mameniskis, individually and d/b/a Mei-Mei a/k/a Lai Lounge; Daniel Deprince III, individually and d/b/a Mei-Mei a/k/a Lai Lounge; Graziella Lalwani, individually and d/b/a Mei-Mei a/k/a Lai Lounge; and Old City Pretzel Company, LLC, an unknown business entity d/b/a Mei-Mei Lounge a/k/a Lai Lounge,<br><br>　　　　　Defendants. | Case No.:<br><br>COMPLAINT |

**PLAINTIFF ALLEGES:**

<u>**JURISDICTION**</u>

1.　　Jurisdiction is founded on the existence of a question arising under particular statutes. This action is brought pursuant to several federal statutes, including the Communications Act of 1934, as amended, Title 47 U.S.C. 605, *et seq.,* and The Cable & Television Consumer Protection and Competition Act of 1992, as amended, Title 47 U.S.C. Section 553, *et seq*.

///

///

2. This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. Section 1331, which states that the District Courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties, of the United States.

3. This Court has personal jurisdiction over the parties in this action as a result of the Defendants' wrongful acts hereinafter complained of which violated the Plaintiff's rights as the exclusive commercial domestic distributor of the televised fight *Program* hereinafter set forth at length.

## VENUE

4. Pursuant to Title 47 U.S.C. Section 605, venue is proper in the Eastern District of Pennsylvania, because a substantial part of the events or omissions giving rise to the claim occurred in this District and/or because, *inter alia,* all Defendants reside within the State of Pennsylvania (28 U.S.C. § 1391(b)).

## INTRADISTRICT ASSIGNMENT

5. Assignment to the Philadelphia Division of the Eastern District of Pennsylvania is proper because a substantial part of the events or omissions giving rise to the claim occurred in Philadelphia County and/or, the United States District Court for the Eastern District of Pennsylvania has decided that suits of this nature, and each of them, are to be heard by the Courts in this particular Division.

## THE PARTIES

6. Plaintiff, G & G Closed Circuit Events, LLC is, and at all relevant times mentioned was, a California company with its principal place of business located at 2925 Green Valley Parkway, Suite D, Las Vegas, NV 89014.

7.   Plaintiff is informed and believes that, at all times relevant hereto, including on Saturday, July 29, 2023, Old City Pretzel Company, LLC was the licensee of the commercial establishment doing business as Mei-Mei a/k/a Lai Lounge operating at 33 S 2nd St, Philadelphia, PA 19106 specifically identified on the Pennsylvania Liquor Control Board License (PLCB #R617).

8.   Plaintiff is informed and believes that, at all times relevant hereto, including on Saturday, July 29, 2023, Defendant Algrid Mameniskis was an Officer and Member on the Pennsylvania Liquor Control Board License (PLCB #R617) issued to Old City Pretzel Company, LLC for Mei-Mei a/k/a Lai Lounge.

9.   Plaintiff is informed and believes that, at all times relevant hereto, including on Saturday, July 29, 2023, Defendant Daniel Deprince III was an Officer and Member on the Pennsylvania Liquor Control Board License (PLCB #R617) issued to Old City Pretzel Company, LLC for Mei-Mei a/k/a Lai Lounge.

10.   Plaintiff is informed and believes that, at all times relevant hereto, including on Saturday, July 29, 2023, Defendant Graziella Lalwani was an Officer and Member on the Pennsylvania Liquor Control Board License (PLCB #R617) issued to Old City Pretzel Company, LLC for Mei-Mei a/k/a Lai Lounge.

11.   Plaintiff is informed and believes, and alleges thereon that on Saturday, July 29, 2023 (the night of the *Program* at issue herein, as more specifically defined in Paragraph 21), Defendants Algrid Mameniskis, Daniel Deprince III, and Graziella Lalwani had the right and ability to supervise the activities of Mei-Mei a/k/a Lai Lounge, which included the unlawful interception, receipt, and publication of Plaintiff's *Program.*

12. Plaintiff is informed and believes, and alleges thereon that on Saturday, July 29, 2023, (the night of the *Program* at issue herein, as more specifically defined in Paragraph 21), Defendant Algrid Mameniskis, as an individual specifically identified as Officer and Member on the Pennsylvania Liquor Control Board License (PLCB #R617) issued to Old City Pretzel Company, LLC, had the obligation to supervise the activities of Mei-Mei a/k/a Lai Lounge, which included the unlawful interception, receipt, and publication of Plaintiff's *Program,* and, among other responsibilities, had the obligation to ensure that Mei-Mei a/k/a Lai Lounge operated lawfully at all times.

13. Plaintiff is informed and believes, and alleges thereon that on Saturday, July 29, 2023, (the night of the *Program* at issue herein, as more specifically defined in Paragraph 21), Defendant Daniel Deprince III, as an individual specifically identified as Officer and Member on the Pennsylvania Liquor Control Board License (PLCB #R617) issued to Old City Pretzel Company, LLC, had the obligation to supervise the activities of Mei-Mei a/k/a Lai Lounge, which included the unlawful interception, receipt, and publication of Plaintiff's *Program,* and, among other responsibilities, had the obligation to ensure that Mei-Mei a/k/a Lai Lounge operated lawfully at all times.

14. Plaintiff is informed and believes, and alleges thereon that on Saturday, July 29, 2023, (the night of the *Program* at issue herein, as more specifically defined in Paragraph 21), Defendant Graziella Lalwani, as an individual specifically identified as Officer and Member on the Pennsylvania Liquor Control Board License (PLCB #R617) issued to Old City Pretzel Company, LLC, had the obligation to supervise the activities of Mei-Mei a/k/a Lai Lounge, which included the unlawful interception, receipt, and publication of Plaintiff's *Program,* and, among other responsibilities, had the obligation to ensure that Mei-Mei a/k/a Lai Lounge operated lawfully at all times.

15. Plaintiff is informed and believes, and alleges thereon that on Saturday, July 29, 2023, (the night of the *Program* at issue herein, as more specifically defined in Paragraph 21), Defendants Algrid Mameniskis, Daniel Deprince III, and Graziella Lalwani specifically directed or permitted the employees of Mei-Mei a/k/a Lai Lounge to unlawfully intercept, receive, and publish Plaintiff's *Program* at Mei-Mei a/k/a Lai Lounge, or intentionally intercepted, received, and published the *Program* at Mei-Mei a/k/a Lai Lounge themselves. The actions of the employees of Mei-Mei a/k/a Lai Lounge are directly imputable to Defendants Algrid Mameniskis, Daniel Deprince III, and Graziella Lalwani by virtue of their acknowledged responsibility for the operation of Mei-Mei a/k/a Lai Lounge.

16. Plaintiff is informed and believes, and alleges thereon that on Saturday, July 29, 2023, (the night of the *Program* at issue herein, as more specifically defined in Paragraph 21), Defendants Algrid Mameniskis, Daniel Deprince III, and Graziella Lalwani, as officers and members of Old City Pretzel Company, LLC, had an obvious and direct financial interest in the activities of Mei-Mei a/k/a Lai Lounge, which included the unlawful interception, receipt, and publication of Plaintiff's *Program.*

17. Plaintiff is informed and believes and alleges thereon that the unlawful broadcast of Plaintiff's *Program*, as supervised and/or authorized by Defendants Algrid Mameniskis, Daniel Deprince III, and Graziella Lalwani resulted in increased profits for Mei-Mei a/k/a Lai Lounge.

18. Plaintiff is informed and believed, and alleges thereon that Defendant Old City Pretzel Company, LLC, is an owner, and/or operator, and/or licensee, and/or permittee, and/or person in charge, and/or an entity with dominion, control, oversight and management of the commercial

establishment doing business as Mei-Mei a/k/a Lai Lounge operating at 33 S 2nd St, Philadelphia, PA 19106.

19. On Saturday, July 29, 2023 (the night of the *Program* at issue herein, as more specifically defined in Paragraph 21), Mei-Mei a/k/a Lai Lounge sold food and beverages to its patrons.

20. That the *Program* would be shown at Mei-Mei a/k/a Lai Lounge was advertised via print and/or electronic media.

**COUNT I**

**(Violation of Title 47 U.S.C. Section 605)**

21. Plaintiff G & G Closed Circuit Events, LLC , hereby incorporates by reference all of the allegations contained in paragraphs 1-20, inclusive, as though set forth herein at length.

22. Pursuant to contract, Plaintiff G & G Closed Circuit Events, LLC , was granted the exclusive nationwide commercial distribution (closed-circuit) rights to the *Errol Spence, Jr. v. Terence Crawford Championship Fight Program,* telecast nationwide on Saturday, July 29, 2023 (this included all under-card bouts and fight commentary, encompassed in the television broadcast of the event, hereinafter referred to as the "*Program*").

23. Pursuant to contract, Plaintiff G & G Closed Circuit Events, LLC , entered into subsequent sublicensing agreements with various commercial entities throughout North America, including entities within the State of Pennsylvania, by which it granted these entities limited sublicensing rights, specifically the rights to publicly exhibit the *Program* within their respective commercial establishments.

24. The *Program* could only be exhibited in a commercial establishment in Pennsylvania if said establishment was contractually authorized to do so by Plaintiff G & G Closed Circuit Events, LLC.

25. As a commercial distributor and licensor of sporting events, including the *Program*, Plaintiff G & G Closed Circuit Events, LLC , expended substantial monies marketing, advertising, promoting, administering, and transmitting the *Program* to its customers, the aforementioned commercial entities.

26. The Program originated via satellite uplink and was subsequently re-transmitted to cable systems and satellite companies via satellite signal to Plaintiff's lawful sub-licensees.

27. On Saturday, July 29, 2023, in violation of Plaintiff G & G Closed Circuit Events, LLC rights and federal law, Defendants intercepted, received and published the *Program* at Mei-Mei a/k/a Lai Lounge. Defendants also divulged and published said communication or assisted in divulging and publishing said communication to patrons within Mei-Mei a/k/a Lai Lounge.

28. With full knowledge that the *Program* was not to be intercepted, received, published, divulged, displayed, and/or exhibited by commercial entities unauthorized to do so, each and every one of the above named Defendants, either through direct action or through actions of employees or agents directly imputable to Defendants (as outlined above), did unlawfully intercept, receive, publish, divulge, display, and/or exhibit the *Program* at the time of its transmission at their commercial establishment in Philadelphia, Pennsylvania located at 33 S 2nd St, Philadelphia, PA 19106.

29. Said unauthorized interception, reception, publication, exhibition, divulgence, display, and/or exhibition by each of the Defendants was done willfully and for purposes of direct and/or indirect commercial advantage and/or private financial gain.

30. Title 47 U.S.C. § 605(a), prohibits the unauthorized interception, receipt, publication and use of communications, such as the transmission of the *Program* for which Plaintiff G & G Closed Circuit Events, LLC had the distribution rights thereto.

31. By reason of the aforesaid mentioned conduct, the aforementioned Defendants, and each of them, violated Title 47 U.S.C. Section 605, *et seq.*, either directly or, in the case of Defendants Algrid Mameniskis, Daniel Deprince III, and Graziella Lalwani, contributorily or vicariously.

32. By reason of the Defendants' violation of Title 47 U.S.C. Section 605, *et seq.*, Plaintiff G & G Closed Circuit Events, LLC, has a private right of action pursuant to Title 47 U.S.C. Section 605.

33. As the result of the aforementioned Defendants' violation of Title 47 U.S.C. Section 605, and pursuant to said Section 605, Plaintiff G & G Closed Circuit Events, LLC, is entitled to the following from each Defendant:

    (a) Statutory damages for each violation in an amount to $10,000.00 pursuant to Title 47 U.S.C. § 605(e)(3)(C)(i)(II);

    (b) Statutory damages for each willful violation in an amount to $100,000.00 pursuant to Title 47 U.S.C. 605(e)(3)(C)(ii); and

    (c) The recovery of full costs, including reasonable attorneys' fees, pursuant to Title 47 U.S.C. Section 605(e)(3)(B)(iii).

## COUNT II

**(Violation of Title 47 U.S.C. Section 553)**

34. Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1-33, inclusive, as though set forth herein at length.

35. 47 U.S.C. § 553 prohibits the interception or receipt of communications offered over a cable system absent specific authorization.

36. The unauthorized interception and receipt of the Program by the above-named Defendants was prohibited by Title 47 U.S.C. § 553, *et seq.*

37. By reason of the aforesaid mentioned conduct, the aforementioned Defendants violated Title 47 U.S.C. Section 553, *et seq.* either directly or, in the case of Defendants Algrid Mameniskis, Daniel Deprince III, and Graziella Lalwani, contributorily or vicariously.

38. By reason of the Defendants' violation of Title 47 U.S.C. Section 553, *et seq.*, Plaintiff G & G Closed Circuit Events, LLC, has the private right of action pursuant to Title 47 U.S.C. Section 553.

39. As the result of the aforementioned Defendants' violation of Title 47 U.S.C. Section 553, Plaintiff G & G Closed Circuit Events, LLC, is entitled to the following from each Defendant:

 (a) Statutory damages for each violation in an amount to $10,000.00 pursuant to Title 47 U.S.C. § 553(c)(3)(A)(ii);

 (b) Statutory damages for each willful violation in an amount to $50,000.00 pursuant to Title 47 U.S.C. § 553(c)(3)(B);

      (c)      The recovery of full costs pursuant to Title 47 U.S.C. § 553(c)(2)(C); and

      (d)      In the discretion of this Honorable Court, reasonable attorneys' fees, pursuant to Title 47 U.S.C. § 553(c)(2)(C).

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

**As to the First Count:**

1. For statutory damages in the amount of $110,000.00 against the Defendants, and each of them;

2. For reasonable attorneys' fees as mandated by statute;

3. For all costs of suit, including, but not limited to, filing fees, service of process fees, investigative costs; and

4. For such other and further relief as this Honorable Court may deem just and proper.

**As to the Second Count:**

1. For statutory damages in the amount of $60,000.00 against the Defendants, and each of them;

2. For reasonable attorneys' fees as may be awarded in the Court's discretion pursuant to statute;

3. For all costs of suit, including, but not limited to, filing fees, service of process fees, investigative costs; and

4. For such other and further relief as this Honorable Court may deem just and proper.

      Respectfully submitted,

Date: July 25, 2025      /s/Thomas P. Riley
      **LAW OFFICES OF THOMAS P. RILEY, P.C.**
      By: Thomas P. Riley
      G & G Closed Circuit Events, LLC